Thomas G. Gannon
Attorney ID 028911982
HIERING, GANNON & McKENNA
29 Hadley Avenue
Toms River, NJ 08753
(732) 349-1800
Attorneys for Defendant, Zoning Board of Adjustment
Of the Township of Toms River

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHABAD JEWISH CENTER OF TOMS RIVER INC., a New Jersey nonprofit Corporation, and RABBI MOSHE GOURARIE,<br><br>    Plaintiffs,<br><br>vs.<br><br>TOWNSHIP OF TOMS RIVER, N.J. and ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF TOMS RIVER,<br><br>    Defendants. | : CASE 3:16-cv-01599-FLW-LHG<br>:<br>:       CIVIL ACTION<br>:<br>: ANSWER TO COMPLAINT,<br>  SEPARATE DEFENSES, DEMAND<br>: FOR SPECIFICATION OF DAMAGES,<br>  AND JURY DEMAND<br>:<br>:<br>:<br>:<br>:<br>: |

Defendant, Zoning Board of Adjustment of the Township of Toms River, by way of Answer to plaintiffs' Complaint, say:

### NATURE OF ACTION
### (Paragraphs 1-8)

All substantive allegations contained in this portion of the Complaint against the defendant, Zoning Board of Adjustment of the Township of Toms River, are denied.   All other allegations contained in this section relate to other parties and thus no response is made.

### PARTIES
### (Paragraphs 9-12)

This defendant, Zoning Board of Adjustment of the Township of Toms River, admits it is

1

a quasi-judicial body formed and appointed pursuant to the New Jersey Municipal Land Use Law. The allegations contained in this section relate to other parties and thus no response is made to those allegations.

## JURISDICTION AND VENUE
### (Paragraphs 13-14)

This defendant, Zoning Board of Adjustment of the Township of Toms River, is without knowledge or information sufficient to form a belief as to the truth or allegations contained in this section of the Complaint.

## FACTUAL ALLEGATIONS

### Plaintiffs' Religious Exercise
### (Paragraphs 15-48)

This defendant, Zoning Board of Adjustment of the Township of Toms River, is without knowledge or information sufficient to form a belief as to the truth or allegations contained in this section of the Complaint that relate to plaintiff or other parties. All other substantive allegations related to this defendant, Zoning Board of Adjustment of the Township of Toms River are denied.

### The Property and Its Location and Use
### (Paragraphs 49-84)

This defendant, Zoning Board of Adjustment of the Township of Toms River, is without knowledge or information sufficient to form a belief as to the truth or allegations contained in this section of the Complaint that relate to plaintiff or other parties. All other substantive allegations related to this defendant, Zoning Board of Adjustment of the Township of Toms River are denied.

### The Township's Land Use Regulations
### (Paragraph 85-126)

This defendant, Zoning Board of Adjustment of the Township of Toms River, is without knowledge or information sufficient to form a belief as to the truth or allegations contained in this section of the Complaint that relate to plaintiff or other parties. All other substantive allegations related to this defendant, Zoning Board of Adjustment of the Township of Toms River are denied.

### Hostility Toward Ultra-Orthodox Jews In Toms River
### (Paragraphs 127-150)

This defendant, Zoning Board of Adjustment of the Township of Toms River, is without knowledge or information sufficient to form a belief as to the truth or allegations contained in this section of the Complaint that relate to plaintiff or other parties. All other substantive allegations related to this defendant, Zoning Board of Adjustment of the Township of Toms River are denied.

### The Request For Interpretation To The Zoning Board of Adjustment
### (Paragraphs 151-195)

This defendant, Zoning Board of Adjustment of the Township of Toms River, is without knowledge or information sufficient to form a belief as to the truth or allegations contained in this section of the Complaint that relate to plaintiff or other parties. All other substantive allegations related to this defendant, Zoning Board of Adjustment of the Township of Toms River are denied.

## COUNT I

**Violation of Religious Land Use and Institutionalized
Persons Act of 2000 ' "Substantial Burdens"
42 U.S.C. §2000cc(a)
(Paragraphs 296-297)**

The answer to paragraphs 1 through 295 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 297 are denied.

## COUNT II

**Violation of Religious Land Use and Institutionalized
Persons Act of 2000 ' "Nondiscrimination"
42 U.S.C. §2000cc(b)(2)
(Paragraphs 298-299)**

The answer to paragraphs 1 through 297 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 299 are denied.

## COUNT III

**Violation of Religious Land Use and Institutionalized
Persons Act of 2000 ' "Equal Terms"
42 U.S.C. §2000(b)(1)
(Paragraphs 300-301)**

The answers to paragraphs 1 through 299 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 301 are denied.

## COUNT IV

### Violation of Religious Land Use and Institutionalized
### Persons Act of 2000 ' "Exclusion and Limits":  Total Exclusion
### 42 U.S.C. §2000cc(b)(3)(A)
### (Paragraphs 302-303)

The answers to paragraphs 1 through 301 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 303 are denied.

## COUNT V
### Violation of Fair Housing Act
### 42 U.S.C. §3604
### (Paragraphs 304-307)

The answers to paragraphs 1 through 303 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 305 through 307 are denied.

## COUNT VI

### United States Constitution
### Violation of 42 U.S.C. §1983:  First Amendment
### Free Exercise of Religion
### (Paragraphs 308-309)

The answers to paragraphs 1 through 307 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 309 are denied.

## COUNT VII

**United States Constitution**
**Violation of 42 U.S.C. §1983: Fourteenth Amendment**
**Equal Protection**
**(Paragraphs 310-311)**

The answers to paragraphs 1 through 309 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 311 are denied.

## COUNT VIII
**Action in lieu of Prerogative Writ**
**New Jersey Municipal Land Use Law**
**N.J.S.A. §40:55D-1 *et seq.***
**(Paragraphs 312-320)**

The answers to paragraphs 1 through 311 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraphs 313 through 320 are denied.

## COUNT IX

**Violation of New Jersey Law Against Discrimination**
**N.J. Stat. Ann. §10:5-12.5**
**(Paragraphs 321-324)**

The answers to paragraphs 1 through 320 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraphs 322 through 324 are denied.

## COUNT X

### New Jersey Constitution
### Violation of Art. 1 ¶¶ 1, 3
### (Paragraphs 325-326)

The answers to paragraphs 1 through 324 are reiterated and incorporated by reference as if set forth fully herein.

The allegations contained in paragraph 326 are denied.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

All immunities, defenses, limitations and provisions of the New Jersey Tort Claims Act, N.J..S.A. 59:1-1 et seq. are hereby asserted in defense of the complaint.

### SECOND SEPARATE DEFENSE

Defendants hereby reserve the right to interpose such other defenses and objections as continuing discovery may disclose.

### THIRD SEPARATE DEFENSE

The Zoning Board of Adjustment of the Township of Toms River is immune from punitive damages under 42 U.S.C. §1983.

### FOURTH SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### FIFTH SEPARATE DEFENSE

The plaintiff's claims are barred by the Statute of Limitations.

### SIXTH SEPARATE DEFENSE

At all times mentioned in the Complaint, any and all actions or omissions of this defendant that relate in any way to plaintiff's alleged damages involved decisions of the

defendants within the area of non-actionable governmental discretion. By virtue of the said discretion, the defendants are not liable to any party herein.

### SEVENTH SEPARATE DEFENSE

At all times, this defendant acted in good faith and accordingly are immune from any liability to the plaintiff.

### EIGHTH SEPARATE DEFENSE

The defendant did not act in any conspiracy against the plaintiff.

### NINTH SEPARATE DEFENSE

The Plaintiff's civil rights were not violated.

### TENTH SEPARATE DEFENSE

The defendant acted in good faith and based upon probable cause in interacting with the plaintiff.

### ELEVENTH SEPARATE DEFENSE

The defendant is entitled to qualified immunity.

### TWELFTH SEPARATE DEFENSE

The defendant is entitled to absolute immunity.

### THIRTEENTH SEPARATE DEFENSE

At all times pertinent to the allegations contained within plaintiff's Complaint, the defendants acted within the boundaries of their lawful authority.

### FOURTEENTH SEPARATE DEFENSE

The defendant, at no time pertinent to the allegations contained within plaintiff's Complaint, acted intentionally, knowingly and maliciously in such a manner so as to cause the injuries alleged by the plaintiff.

## FIFTEENTH SEPARATE DEFENSE

At all times pertinent to the allegations contained within plaintiff's Complaint, the defendant acted reasonably and properly in the execution of their duties.

## SIXTEENTH SEPARATE DEFENSE

This defendant is entitled to and asserts immunity under N.J.S.A. 59:2-1.

## SEVENTEENTH SEPARATE DEFENSE

This defendant is entitled to and asserts immunity under N.J.S.A. 59:2-2.

## EIGHTEENTH SEPARATE DEFENSE

The defendants are entitled to and assert immunity under N.J.S.A. 59:2-3.

## NINETEENTH SEPARATE DEFENSE

This defendant is entitled to and asserts immunity under N.J.S.A. 59:2-4.

## TWENTIETH SEPARATE DEFENSE

This defendant is entitled to and assert immunity under N.J.S.A. 59:3-2, which immunizes a public employee from damages for injuries resulting from the exercise of judgment or discretion.

## TWENTY-FIRST SEPARATE DEFENSE

This defendant is entitled to and asserts immunity under N.J.S.A. 59:3-3, since they acted in good faith in the execution and/or enforcement of the law.

## TWENTY-SECOND SEPARATE DEFENSE

This defendant is entitled to and asserts immunity under N.J.S.A. 59:3-5 for injuries caused by any failure by the defendants to enforce the law.

## TWENTY-THIRD SEPARATE DEFENSE

This defendant is entitled to and asserts the immunities set forth in N.J.S.A. 59:3-7.

## TWENTY-FOURTH SEPARATE DEFENSE

This defendant is entitled to and asserts the immunities set forth in N.J.S.A. 59:3-9.

## TWENTY-FIFTH SEPARATE DEFENSE

This defendant is entitled to and asserts the immunities set forth in N.J.S.A. 59:5-2.

## TWENTY-SIXTH SEPARATE DEFENSE

This defendant is entitled to and asserts the immunities set forth in N.J.S.A. 59:5-3.

## TWENTY-SEVENTH SEPARATE DEFENSE

The applicability and protections of the provisions of N.J.S.A. 59:8-3 through N.J.S.A. 59:8-7 regarding failure to provide adequate notice of claim is asserted.

## TWENTY-EIGHTH SEPARATE DEFENSE

The applicability and protections of the provisions of N.J.S.A. 59:8-8 and N.J.S.A. 59:8-11 regarding the failure to timely file notice of claim is asserted.

## TWENTY-NINTH SEPARATE DEFENSE

The applicability and protections of the provisions of N.J.S.A. 59:9-1 and N.J.S.A. 59:9-2 concerning conditions of suit and judgment is asserted.

## THIRTIETH SEPARATE DEFENSE

This defendant is immune from punitive damages under the Civil Rights Act, 42 U.S.C. ' 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

## THIRTY-FIRST SEPARATE DEFENSE

The cause of action alleged by the plaintiff is not cognizable under the Civil Rights Act, 42 U.S.C. ' 1983 and 1985.

10

## THIRTY-SECOND SEPARATE DEFENSE

The plaintiff's Complaint is barred by the Doctrine of Collateral Estoppel.

## THIRTY-THIRD SEPARATE DEFENSE

The doctrine of *Respondeat Superior* does not apply in civil actions brought under 42 U.S.C. 1983.

## THIRTY-FOURTH SEPARATE DEFENSE

The remedies sought by plaintiff are not justified.

## DEMAND FOR SPECIFICATION OF DAMAGES

The defendants hereby demand that the plaintiff specify the amount of damages sued for in the Complaint.

## DEMAND FOR JURY TRIAL

The defendants demand a trial by jury as to all issues.

> HIERING, GANNON & McKENNA, ESQS.
> Attorneys for Defendant, Zoning Board of
> Adjustment of the Township of Toms River
>
>
> By:s/ Thomas G. Gannon
> THOMAS G. GANNON

Dated:        June 29, 2016