41034.00105-HBM
LEGAL/105923901.v1
FOLDER 4 - PLEADINGS

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
Howard B. Mankoff, Esq.
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100      🖷973-618-0685
🖳 hbmankoff@mdwcg.com
ATTORNEYS FOR DEFENDANT - Township of Toms River, N.J.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON**
** **ELECTRONICALLY FILED** **

| | |
|---|---|
| CHABAD JEWISH CENTER OF TOMS RIVER, INC., a New Jersey nonprofit corporation, and RABBI MOSHE GOURARIE, | CASE NO.:  3:16-CV-01599-FLW-LHG |
| Plaintiffs | Civil Action |
| v. | **ANSWER ON BEHALF OF DEFENDANT TOWNSHIP OF TOMS RIVER, N.J.** |
| TOWNSHIP OF TOMS RIVER, N.J. and ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF TOMS RIVER, | |
| Defendants | |

Defendant, Township of Toms River, New Jersey, by way of Answer to the Complaint, states:

**NATURE OF ACTION**

1.  This is plaintiffs' description of the case. To the extent the plaintiff means to state factual allegations against the defendant, the allegation is denied.

2.   It is denied that the answering defendant was motivated by anti-Semitic hostility. It is denied that the Township had prohibited the plaintiffs use of the property as a clergy residence. It is admitted that the property is located adjacent to an American Legion Hall, a Christian Church and a College(?) It is denied that the defendants took such action despite the fact that Township Officials admitted the plaintiffs use of the property was permitted.

3.   It is denied that there was a tide of anti-Semitism in Toms River. The quotation from the Mayor in this paragraph is taken out of context. The Mayor was discussing consideration of an ordinance to prohibit the solicitation of Toms River residents to sell their property. The statement by the Assistant Township Attorney was a request for understanding by Township residents that there should be no communication about this issue outside of planning board hearings.

4.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

5.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

6.   Denied.

7.   Denied.

2

8.   Denied.

## PARTIES

9.   Admitted.

10.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

11.  Admitted.

12.  Admitted.

## JURISDICTION AND VENUE

13.  Admitted.

14.  Admitted.

## FACTUAL ALLEGATIONS

15.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

16.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

17.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

18.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

19. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

20. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

21. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

22. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

23. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

24. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

25. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

26. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

4

27.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

28.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

29.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

30.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

31.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

32.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

33.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

34.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

35. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

36. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

37. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

38. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

39. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

40. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

41. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

42. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

43. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

## THE PROPERTY AND ITS LOCATION AND USE

49. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

50. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

59. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

70. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

71.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

72.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

73.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

74.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

75.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

76.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

77.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

78.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

79. Denied.

80. Denied.

81. Denied.

82. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

83. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

84. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

**THE TOWNSHIP'S LAND USE REGULATIONS**

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96.  Admitted.

97.  Admitted.

98.  Admitted.

99.  Admitted.

100. Admitted.

101. Admitted.

102. Admitted.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. Admitted.

108. Admitted.

109. Admitted.

110. Admitted.

111. Admitted.

112. Admitted.

113. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

114. Denied.

115. Admitted.

116. Admitted.

117. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

118. Denied.

119. Admitted.

120. Denied.

121. Denied.

122. Denied.

123. Admitted.

124. Admitted.

125. Admitted.

126. Admitted.

**HOSTILITY TOWARD ULTRA-ORTHODOX JEWS IN TOMS RIVER**

127. Denied.

128. The quote is taken out of context. Mayor Kelaher was referring to the practice of individuals, not from Toms River, engaging in unwanted solicitation of Toms River homeowners to sell their homes.

129. The quote is taken out of context. Mayor Kelaher was referring to the practice of individuals, not from Toms River, engaging in unwanted solicitation of Toms River homeowners to sell their homes.

130. The quote is taken out of context. Mayor Kelaher was referring to the practice of individuals, not from Toms River,

engaging in unwanted solicitation of Toms River homeowners to sell their homes.

131. The extent the plaintiffs mean to allege in this paragraph that the quoted language refers to Ultra Orthodox Jews, the allegation is denied.

132. Admitted.

133. The quoted language is admitted but it is denied that the police department spokesman meant to imply that the language was not hateful.

134. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

135. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

136. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

137. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

138. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

139. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

140. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

141. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

142. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

143. Admitted.

144. It is denied that a substantial motivation for the ordinance was to prevent Ultra-Orthodox Jews from moving into Toms River. The motivation was apparent from the face of the ordinance, which was to prevent unwanted solicitation and real estate canvassing.

145. The quoted language is admitted but it is denied that Mr. Merlino was involved in or meant to provoke anti-Ultra Orthodox Jewish animus. Mr. Merlino was conveying that anyone who wanted to challenge the zoning application had to do so through appropriate processes.

14

146. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

147. It is admitted the ordinance prohibits individuals from asking residents if their house is for sale. It is denied that the Township employees urged residents to place "no knock" stickers on their front doors.

148. Denied.

149. Denied.

150. Denied.

**THE REQUEST FOR INTERPRETATION TO THE ZONING BOARD OF ADJUSTMENT**

151. Admitted.

152. Admitted.

153. Admitted.

154. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

155. Admitted.

156. Denied.

157. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

158. ?

159. Denied.

160. Denied.

161. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

162. Admitted.

163. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

164. Admitted.

165. Admitted.

166. Admitted that there was an informal exterior inspection only.

167. Admitted.

168. Admitted.

169. Admitted.

170. Admitted.

171. Admitted.

172. Admitted.

173. Admitted.

174. Admitted.

175. Admitted.

176. Admitted.

177. Admitted.

178. Admitted.

179. Admitted.

180. Admitted.

181. Admitted.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Admitted.

187. Admitted.

188. Admitted.

189. Denied.

190. Admitted.

191. Admitted.

192. Denied.

193. Admitted.

194. Admitted.

195. It is denied that the Board incorrectly described the plaintiffs' application.

196. Denied.

197. Denied.

198. Admitted.

199. Denied.

200. Denied.

201. The first sentence is admitted. As to the second sentence, the allegation that the Board refused to correct its agenda is denied.

202. Admitted.

203. To the extent the plaintiffs mean to imply in this paragraph that the actions taken by Mr. Fitzsimmons are evidence of animus toward Ultra-Orthodox Jews, the allegation is denied.

204. To the extent the plaintiffs mean to imply in this paragraph that the actions taken by Mr. Fitzsimmons are evidence of animus toward Ultra-Orthodox Jews, the allegation is denied. The motivation behind Mr. Fitzsimmons' comment was that he as well as other Township officials had been approached by objectors about the application. Mr. Fitzsimmons was attempting to convey to the objectors that they had to make their opinions known in the appropriate forum.

205. To the extent the plaintiffs mean to imply in this paragraph that the actions taken by Mr. Fitzsimmons are evidence of animus toward Ultra-Orthodox Jews, the allegation is denied. The motivation behind Mr. Fitzsimmons' comment was that he as well as other Township officials had been approached by objectors about the application. Mr. Fitzsimmons was attempting to convey to the objectors that they had to make their opinions known in the appropriate forum.

206. To the extent the plaintiffs mean to imply in this paragraph that the actions taken by Mr. Fitzsimmons are evidence of animus toward Ultra-Orthodox Jews, the allegation is denied. The motivation behind Mr. Fitzsimmons' comment was that he as well as other Township officials had been approached by objectors about the application. Mr. Fitzsimmons was attempting to convey to the objectors that they had to make their opinions known in the appropriate forum.

207. To the extent the plaintiffs mean to imply in this paragraph that the actions taken by Mayor Kelaher are evidence of animus toward Ultra-Orthodox Jews, the allegation is denied. The motivation behind Mayor Kelaher's comment was that he as well as other Township officials had been approached by objectors about the application. Mayor Kelaher was attempting to convey to the objectors that they had to make their opinions known in the appropriate forum.

208. Denied.

209. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

210. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

211. Admitted.

212. Admitted.

213. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

214. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

215. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

216. It is admitted that there was substantial opposition to the application. The defendant is without sufficient information to admit or deny the allegation as to the motivation for the opposition.

217. Denied.

218. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

219. Denied.

220. Denied.

221. Denied.

222. Admitted.

223. Denied.

224. Admitted.

225. Admitted.

226. Admitted.

227. Admitted.

228. Admitted.

229. Admitted.

230. Admitted.

231. Admitted.

232. Admitted.

233. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

234. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

235. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

236. Admitted.

237. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

238. Admitted.

239. Admitted.

240. Denied.

241. Denied.

242. Denied that the determination was contrary to New Jersey law.

243. Denied.

244. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

245. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

246. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

247. Denied.

248. Denied.

249. Denied.

250. Denied.

251. Admitted.

252. Admitted.

253. Denied.

254. Denied.

255. Admitted.

256. Denied.

257. Denied.

258. Admitted.

259. Admitted.

260. Denied.

261. Admitted.

262. Admitted.

263. Denied.

264. Denied.

265. Denied.

266. Denied.

267. Denied.

268. Denied.

269. Admitted.

270. Admitted.

271. Denied.

272. Admitted.

273. Denied.

274. Denied to the extent the plaintiffs mean to imply that they are entitled to special treatment and should be absolved of the responsibility to obtain a use variance.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

279. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

284. Denied.

285. Denied.

286. Denied.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

291. Denied.

292. Denied.

293. Denied.

## COUNT I

294. The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

295. Denied.

## COUNT II

296. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

297. Denied.

## COUNT III

298. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

299. Denied.

## COUNT IV

300. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

301. Denied.

## COUNT V

302. The answers to the preceding paragraphs are repeated as if set forth at length herein.

303. Denied.

304. Denied.

305. Denied.

## COUNT VI

306. The answers to the preceding paragraphs are repeated as if set forth at length herein.

307. Denied.

## COUNT VII

308. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

309. Denied.

## COUNT VIII

310. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

311. Denied.

312. Denied.

313. Denied.

314. Denied.

315. Denied.

316. Denied.

317. Denied.

318. Denied.

**COUNT IX**

319. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

320. Denied.

321. Denied.

322. Denied.

**COUNT X**

323. The answers to the preceding paragraphs are repeated as if set forth fully at length herein.

324. Denied.

**PRAYER FOR RELIEF**

WHEREFOR, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suit.

26

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiffs have failed to exhaust administrative remedies.

### Second Affirmative Defense

The Complaint fails to set forth a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiffs have shown no valid civil rights violations and therefore have failed to meet the statutory requirements of 42 U.S.C. 1981, 1983, 1985, 1986 or 1988. Plaintiffs have also failed to demonstrate the validity of jurisdiction under 28 U.S.C. 1927 nor under the First or Fourteenth Amendments to the United States Constitution.

### Fourth Affirmative Defense

The plaintiffs failed to mitigate their damages.

### Fifth Affirmative Defense

The claims against the defendants are barred by the applicable provisions of the New Jersey Tort Claims Act, N.J.S. 59:9-1.

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Rule of Civil Procedure 11.2, I hereby certify that the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## <u>TRIAL COUNSEL DESIGNATION</u>

Howard B. Mankoff is hereby designated as trial counsel for defendant Township of Toms River, New Jersey.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
Attorneys for Defendant,
Township of Toms River, N.J.


By: **/s/ Howard B. Mankoff**
     HOWARD B. MANKOFF, ESQ.


Dated:  July 11, 2016

LEGAL/105923901.v1
FOLDER 4 - PLEADINGS