## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHABAD JEWISH CENTER OF     \*
TOMS RIVER, INC. and RABBI
MOSHE GOURARIE     \*     Civ. No. 3:16-01599 (FLW) (LHG)

       Plaintiffs,     \*

   Vs.     \*     **ORDER FOR JUDGMENT**

THE TOWNSHIP OF TOMS RIVER     \*
and THE TOMS RIVER TOWNSHIP
ZONING BOARD OF ADJUSTMENT     \*

       Defendants.     \*

     \*     \*     \*     \*     \*     \*     \*

THIS MATTER having been opened to the Court on the Complaint of the Plaintiffs, Chabad Jewish Center of Toms River, Inc. and Rabbi Moshe Gourarie (collectively the "Plaintiffs") pursuant to the Substantial Burdens, Nondiscrimination, Equal Terms, and Exclusion and Limits provisions of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc(a),(b)(1),(b)(2),(b)(3), the Fair Housing Act, 42 U.S.C. § 3604, the Free Exercise Clause of the First Amendment and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, New Jersey common law and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12.5 (the "Complaint") to use certain real property located at 2001 Church Road, Toms River, New Jersey (the "Subject Property") as a Chabad house[1] and it appearing that the Township of Toms River (the "Township") issued

---

[1] A "Chabad house" is a residence for a rabbi and his family who are affiliated with the Chabad-Lubavitch movement within Chassidic Jewish tradition, and who engage in certain

various municipal violation tickets against the Plaintiffs based on their use of the subject property as a Chabad house; and

It further appearing that the Plaintiffs requested that the Township determine that the use of the subject property as a Chabad house is permitted, and that the Township did not respond to such request but stated that a variance was required to permit such use; and

It further appearing that Plaintiffs applied to the Defendant Zoning Board of Adjustment of the Township ("BOA") (together with the Township, "Defendants") for an interpretation that the use of the subject property as a Chabad house was permitted; and

It further appearing that, after hearing, the BOA ultimately denied the Plaintiffs' application; and

It further appearing that Plaintiffs made application to this Court challenging the determination of the BOA and the Township's zoning ordinances excluding the Plaintiffs' proposed religious use on the subject property and seeking to immediately permit the use of the subject property as a Chabad house; and

It further appearing that the Defendant Zoning Board of Adjustment of the Township of Toms River answered the Plaintiffs' Complaint on June 29, 2016; and

It further appearing that the Defendant Township answered the Plaintiffs' Complaint on July 11, 2016; and

The Court having considered the pleadings submitted,

IT IS on this _5th_ day of ~~January~~, 2018, ORDERED, ADJUDGED and DECREED as follows:

---

religious observances with other individuals at that location including Sabbath services, meals, religious classes, and Hebrew school classes.

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 42 U.S.C. § 2000cc-2.

2.     The Court has personal jurisdiction over the Defendants.

3.     The Plaintiffs' use of the Property will affect interstate commerce.

4.     Venue is proper in this District.

5.     The parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

6.     The BOA's decision denying Plaintiffs' appeal of the application to use the subject property as a Chabad house is determined to be a violation of RLUIPA, the Fair Housing Act, 42 U.S.C. § 3604, the Free Exercise Clause of the First Amendment and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

7.     The Defendants are hereby enjoined from preventing Plaintiffs from operating the subject property as a Chabad house, subject to the conditions listed below.

8.     The Defendants are further enjoined from taking any zoning, building code, or other enforcement action against the Plaintiffs based on the Plaintiffs' use of the subject property as a Chabad house, subject to the conditions listed below.

9.     The Plaintiffs' use of the subject property will be subject to the following conditions:

   a.     There will be a maximum of 35 individuals for events held at the Subject Property.  Additionally, there will be a limit of 49 people at the Subject Property for six specific holidays per year which are the following: Sukkot, Simchas Torah, Pesach/Passover, Purim, Lag b'omer, and Shavuot.

      b.      The limits in paragraph (a) above, do not include family members, nor do they include family events held at the Subject Property.

      c.      Events at the Subject Property that exceed the limits set forth in paragraph (a) above will be held off-site.

      d.      Plaintiffs will inform any guests of the Chabad house that there is no parking to be allowed on Church Road.

      e.      A sign will be permitted on the Subject Property for the Chabad and such sign shall be compliant with the existing bulk ordinance for signage in the Township ordinances.

10.    The Township is ordered to dismiss any and all zoning and building citations issued by the Township against the Plaintiffs upon entry of this Order, including, but not limited to:

      a.      Violation 1507-SC-009742 Issued against Chabad Jewish Center on 10/29/14

      b.      Violation 1507-SC-009744 Issued against Chabad Jewish Center on 10/29/14

      c.      Violation 1507-SC-009746 Issued against Chabad Jewish Center on 10/29/14

      d.      Violation 1507-SC-009748 Issued against Chabad Jewish Center on 10/29/14

      e.      Violation 1507-SC-009743 Issued against Moshe Gourarie on 10/29/14

      f.      Violation 1507-SC-009745 Issued against Moshe Gourarie on 10/29/14

      g.      Violation 1507-SC-009747 Issued against Moshe Gourarie on 10/29/14

h.    Violation 1507-SC-009749 Issued against Moshe Gourarie on 10/29/14

i.    Violation V-1500375 issued against Chabad Jewish Center of Toms River on 12/18/15

j.    Violation V-1500376 issued against Chabad Jewish Center of Toms River on 12/18/15

11.   The Defendants shall pay the Plaintiffs the amount of One hundred twenty-two thousand ($122,500.00) and five hundred dollars upon entry of this Order for Judgment for damages and attorney's fees sought by Plaintiffs.

12.   The Court shall retain jurisdiction over this action to enforce the terms of this Order and resolve any disputes arising under this Order.

ENTERED THIS 5ᵗʰ day of ~~January~~ February, 2018.

_____
Honorable Freda L. Wolfson, U.S.D.J.

-5-